Harold J. Crawford, J.
Motion by the defendants to dismiss the complaint for legal insufficiency on the ground principally that there is no allegation that the defendants or either of them were insolvent at the time of the alleged transfer of title or were rendered insolvent by virtue of such transfer.
*632 Were this action based on sections 271 and 273 of the Debtor and Creditor Law, the defendants would, undoubtedly, be correct in their contention. This action, however, is predicated upon the claim that the transfer by the defendant George Horowitz of his interest in real property to his wife, the codefendant Betty Horowitz, “ was made without consideration and with intent to hinder, delay and defraud the plaintiff of its claim and was so accepted by the defendant Betty Horowitz.” This action is, therefore, governed by section 276 of the Debtor and Creditor Law, and in that connection the Court of Appeals observed, in Pattison v. Pattison (301 N. Y. 65, 73-74): “A conveyance is fraudulent when the grantor, even though solvent, is motivated by an intent to hinder, delay or defraud his creditors.” (Emphasis supplied.)
The motion is, accordingly, denied. The defendant may answer within 10' days.
Submit order.